**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JUSTIN TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1557-PRW |
| | ) | |
| SHELTER MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is pro se Plaintiff's Motion to Remand and Binding Stipulation of Damages (Dkt. 2). This matter has been fully briefed and is ripe for review. For the reasons that follow, the Motion (Dkt. 2) is **DENIED**.

On November 7, 2025, Plaintiff, an Oklahoma citizen, commenced this action for breach of contract, insurance bad faith, fraud, and punitive damages in the Oklahoma District Court of Payne County, following an insurance dispute related to a vehicle fire. Defendant then timely removed the case to this Court pursuant to 28 U.S.C. § 1446, asserting the Court has subject-matter jurisdiction under § 1332(a)(1).

Defendant represents that it is a foreign insurance company with a principal place of business in Missouri, which Plaintiff does not dispute, thus the parties satisfy § 1332(a)(1)'s complete diversity requirement.

Plaintiff's Complaint (Dkt. 1, Ex. 2) alleges $30,000 in actual damages, as well as punitive damages pursuant to 23 O.S. § 9.1 and attorneys' fees. Plaintiff alleges that

1

Defendant's bad faith actions were "intentional, reckless, and malicious, undertaken with disregard for Plaintiffs rights and financial well-being."[1] Under Oklahoma law, when an insurer "intentionally and with malice breache[s] its duty to deal fairly and act in good faith with its insured[,]" the insurer is subject to Category II punitive damages, which cannot exceed the greater of (a) $500,000, (b) twice the amount of actual damages, (c) or the increased financial benefit the insurer received as a direct result of the bad faith which caused the insured's injuries.[2]

Therefore, Plaintiff's Complaint (Dkt. 1, Ex. 2) plausibly alleged an amount-in-controversy above § 1332(a)(1)'s requisite $75,000 threshold at the time Defendant removed this action.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."[3] When, as here, a plaintiff contests a defendant's alleged amount-in-controversy, § 1446(c)(2)(B) requires the Court to determine if the preponderance of the evidence supports the defendant's allegation.[4] The Court need not be satisfied that the

---

[1] Compl. (Dkt. 1, Ex. 2), ¶20.

[2] 23 O.S. § 9.1(C)(2).

[3] *Dart Cherokee Bason Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

[4] *Id.* at 88.

defendant's allegation supports a specific amount in excess of $75,000; the Court must only find that the allegation plausibly exceeds $75,000.[5]

Plaintiff's Motion (Dkt. 2) does contest Defendant's alleged amount-in-controversy, arguing that his Complaint (Dkt. 2, Ex. 2) was ambiguous as to damages. He argues that the same day Defendant removed this case to federal court, he told Defendant that his total settlement demand was $50,000 and now stipulates to such a limit on his recoverable amount.

Generally speaking, "[o]nce jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing,"[6] but Plaintiff is correct that the Court can consider a post-removal settlement offer in determining an uncertain amount-in-controversy.[7] However, Plaintiff also claims that proposed settlement amounts are dispositive as to the contested amount-in-controversy. But proposed settlements are only "relevant evidence of the amount in controversy if [they] appear[] to reflect a reasonable estimate of the plaintiff's claim,"[8] rather than an amount offered in compromise. And the probative value of the settlement offer would be stronger had it been made before

---

[5] *Id.*

[6] *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

[7] *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (internal citations omitted).

[8] *Id.*

Defendant removed the case to federal court, since Plaintiff was incentivized to make such an offer to defeat diversity jurisdiction after Defendant removed the case.[9]

Defendant is permitted to rely on its estimate of potential damages from Plaintiff's allegations in the Complaint (Dkt. 1, Ex. 2).[10] Here, Defendant's estimate certainly supports a finding that the amount-in-controversy plausibly exceeded $75,000 at the time of removal, based on Plaintiff's allegations of bad faith, his prayer for punitive damages, and applicable Oklahoma law.

Accordingly, after weighing the post-removal settlement offer against the Complaint's prayer for relief at the time of removal and applicable Oklahoma law, the Court finds that Defendant has proved the facts necessary to establish that more than $75,000 was in controversy when it removed this case. Thus, the Court **DENIES** Plaintiff's Motion (Dkt. 2).

**IT IS SO ORDERED** this 24th day of April 2026.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[9] *Phillips v. State Farm Fire & Cas. Co.*, Case No. 21-CV-390, 2023 WL 2162594, at *2 (N.D. Okla. Feb. 22, 2023) (internal citations omitted).

[10] *McPhail*, 529 F.3d at 955 (internal citations omitted).